[Cite as *State v. Timpe*, 2015-Ohio-5033.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                              :

      Plaintiff-Appellee,                         :

      - vs -                                                   :

KRISTOPHER EVERETT TIMPE,              :

      Defendant-Appellant.                    :

CASE NO.   CA2015-04-034

O P I N I O N
12/7/2015

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014CR0554

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

R. Daniel Hannon, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1}   Defendant-appellant, Kristopher E. Timpe, appeals from the judgment of the Clermont County Court of Common Pleas convicting him of voluntary manslaughter, pursuant to his guilty plea to that charge, and sentencing him to four years in prison.  We affirm the judgment of the trial court.

{¶ 2}   In 2014, appellant, then almost 20 years old, was at his parent's home in

Loveland, Ohio when his older brother came home drunk. The two began arguing and a physical altercation ensued. During the course of the fight, appellant took a folding knife from his pocket and stabbed his brother in the chest causing his death.

{¶ 3} Appellant was charged with voluntary manslaughter in violation of R.C. 2903.03(A), a felony of the first degree. He pled guilty to the charge. The trial court accepted appellant's guilty plea, found him guilty as charged, and scheduled the matter for sentencing. Appellant's presentence investigation indicated that appellant had been emotionally and physically abused by his older brother as well as harassed and bullied at school, is border-line mentally retarded, and has suffered from mental disorders since childhood.

{¶ 4} The trial court sentenced appellant to four years in prison. In so doing, the trial court acknowledged that a conviction for voluntary manslaughter carried a rebuttable presumption in favor of prison. However, the trial court determined that the presumption could not be overcome in this case, because while it was less likely that appellant would reoffend given his lack of a criminal history, appellant's conduct was not "less serious," and, in fact, was "even a little more serious," than conduct normally constituting the offense of voluntary manslaughter.

{¶ 5} Appellant now appeals and assigns the following as error:

{¶ 6} THE TRIAL COURT ERRED IN FINDING THAT THE PRESUMPTION OF A PRISON TERM HAD NOT BEEN REBUTTED.

{¶ 7} Appellant argues the trial court erred in finding that the presumption in favor of a prison term had not been overcome or rebutted in light of the facts and circumstances of this case. Specifically, he contends that the trial court's finding that his conduct was more serious than conduct normally constituting the offense of voluntary manslaughter is not supported by the record.

{¶ 8} The standard of review set forth in R.C. 2953.08(G)(2) governs all felony sentences. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. R.C. 2953.08(G)(2) provides that when considering an appeal of a trial court's felony sentencing decision, the appellate court "shall review the record, including the findings underlying the sentence or modification given by the sentencing court." "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2). "The appellate court's standard for review is not whether the sentencing court abused its discretion." *Id.* Instead, the appellate court may take any action authorized under R.C. 2953.08(G)(2) only if it "clearly and convincingly finds" that either (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929. 20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law." *Crawford* at ¶ 7; quoting R.C. 2953.08(G)(2)(a)-(b). "A felony sentence is not clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences appellant within the permissible statutory range." *State v. Back*, 12th Dist. Butler Nos. CA2015-03-037 and CA2015-03-038, 2015-Ohio-4447, ¶ 18.

{¶ 9} Additionally, it is important to remember that R.C. 2953.08(G)(2) "'does not say that the trial judge must have clear and convincing evidence to support its findings[,]'" rather, "'it is the court of appeals that must clearly and convincingly find that the record does not support the [trial] court's findings.'" *Crawford* at ¶ 8, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 21. Thus, "the language in R.C. 2953.08(G)(2) establishes an 'extremely deferential standard of review' for 'the restriction is on the appellate court, not the trial judge.'" *Crawford*, quoting *Venes*.

{¶ 10} Appellant pled guilty to, and was convicted of, voluntary manslaughter, a felony of the first degree. R.C. 2929.13(D)(1) provides that for a felony of the first degree, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under R.C. 2929.11. R.C. 2929.13(D)(2) provides that notwithstanding this presumption, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first degree if it makes both of the following findings:

> (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

> (b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

{¶ 11} Here, the trial court began its analysis by finding that there was a lesser likelihood of "recidivism" in this case, i.e., a lesser likelihood that appellant would reoffend, given his lack of a criminal history. However, the trial court concluded that appellant's conduct was not "less serious," and, in fact, was even a "little more" serious, than conduct normally constituting the offense of voluntary manslaughter. The trial court acknowledged that the victim had provoked the fight, but the court pointed out that the offense of which appellant was convicted, voluntary manslaughter in violation of R.C. 2903.03(A), already "contemplates a fight, anger, provocation by a victim that results in * * * death."[1] The trial

---

1. R.C. 2903.03(A) states that "[n]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to

court opined that if appellant had just "slashed" the victim and "maybe caught an artery" and the victim died as a result, "that could be less serious." However, the trial court observed that this case involved "a stab wound in the chest[,]" and that if somebody "stick[s] in [*sic*] a knife into someone's chest that it's incredibly likely that the person [stabbed] is going to die." The trial court added that "I think when you knowingly stab one in the chest in the heart area that it's quite frankly even a little more serious than what you see in voluntary manslaughter [cases]."

{¶ 12} Appellant argues the trial court's determination that his conduct was a "little more serious" than conduct normally constituting the offense of voluntary manslaughter was not supported by the record, because it was based on the trial court's "conclusion that [he] 'knowingly' stabbed his brother in the chest[,]" a conclusion that appellant asserts "is simply wrong." Appellant states that he was being pummeled or choked by his brother who sat astride him as he lay on the ground and that he reached in his pocket to get his knife and stabbed his brother in what he thought was his stomach. Appellant contends that he "had no intention of killing his brother by delivering a blow to his heart." He further contends that the trial court's "conclusion that [he] 'knowingly' stabbed his brother in the heart was erroneous[,]" and that "[t]his erroneous conclusion lead [*sic*] the court to finding [his] conduct more serious than conduct normally constituting the offense." We find these arguments unpersuasive.

{¶ 13} Contrary to what appellant asserts in his brief, the trial court did not actually state that appellant "'knowingly' stabbed his brother in the heart." Instead, the trial court stated, "I think when you knowingly stab one in the chest in the heart area * * *." Thus, the trial court, at most, indicated that appellant stabbed his brother "in the chest in the heart area[,]" but carefully avoided saying that appellant "knowingly" stabbed his brother in the

---

incite the person into using deadly force, shall knowingly cause the death of another or the unlawful termination of another's pregnancy."

heart.

**{¶ 14}** Appellant's argument on this point is designed to show that either he did not act with the requisite intent to commit the offense of voluntary manslaughter or that he was acting in self-defense when he stabbed his brother. Thus, appellant contends that the record does not support the trial court's finding that appellant knowingly stabbed his brother in the chest, but instead, shows that he was trying to stab his brother in the stomach. However, assuming this to be the case, stabbing one in the stomach would cause or potentially cause serious physical injury, including death. In any event, appellant pled guilty to the charge of first-degree voluntary manslaughter, and thus admitted committing all the elements of that offense, including that he "knowingly" caused the death of his brother. *See* Crim.R. 11(B) (a guilty plea "is a complete admission of the defendant's guilt"). Therefore, it is too late to raise these arguments now.

**{¶ 15}** Appellant argues the trial court never made reference to the "more serious" or "less serious" factors listed in R.C. 2929.12(B) and (C), respectively. However, the trial court did mention the issue of the seriousness of appellant's conduct at the sentencing hearing and explicitly found that knowingly stabbing another in the chest is not a less serious form of the offense. Additionally, while the trial court did not make an explicit reference to the "seriousness" factors set forth in R.C. 2929.12(B) and (C), it is clear from the record that the trial court considered these factors, nonetheless. For example, the trial court acknowledged at the sentencing hearing that appellant was provoked by his older brother, the victim in this case, which is a "less serious" factor under R.C. 2929.12(C)(2). The trial court also considered whether, in committing the offense, appellant expected to cause physical harm to the victim, which is another "less serious" factor under R.C. 2929.12(C)(3).

**{¶ 16}** Appellant correctly points out that the only "more serious" factor that applies in this case is the one contained in R.C. 2929.12(B)(2), i.e., "[t]he victim of the offense suffered

serious physical * * * harm as a result of the offense." Appellant discounts this factor, stating that "[w]hile this is obviously true, the voluntary manslaughter statute already contemplates death. So this factor, while applicable, is self-evident from the charge." Appellant's implication is that the "serious physical harm" factor cannot be used to show that appellant's conduct was "more serious" than "conduct normally constituting the offense" of voluntary manslaughter. R.C. 2929.12(B).

{¶ 17} Appellant then argues that the four "less serious" factors listed under R.C. 2929.12(C), i.e., (1) "[t]he victim induced or facilitated the offense," (2) "the offender acted under strong provocation," (3) "the offender did not cause or expect to cause physical harm to any person or property," and (4) "[t]here are substantial grounds to mitigate the offender's conduct[,]" generally favor a finding that his conduct was "less serious." However, appellant overlooks that the "less serious" factors listed in R.C. 2929.12(C)(1) and (2) both involve elements of the offense of voluntary manslaughter. *See* R.C. 2903.03(A) quoted in fn. 2 above. Therefore, those factors do little, if anything, to show that appellant's conduct was "less serious" than conduct normally constituting the offense of voluntary manslaughter. R.C. 2929.12(C).

{¶ 18} As to the factor listed in R.C. 2929.12(C)(3), i.e., "the offender did not cause or expect to cause physical harm to any person or property," this factor clearly does not favor appellant, since stabbing another, whether in the chest or stomach, is likely to cause serious physical harm, including death, as it did here.

{¶ 19} As to the factor listed in R.C. 2929.12(C)(4), i.e., "[t]he are substantial grounds to mitigate the offender's conduct," appellant's history of being abused by his brother and being bullied and harassed at school, his border-line mental retardation, and his mental health history qualify as mitigating factors, for purposes of R.C. 2929.12(C)(4). However, it is apparent that the trial court did not consider these mitigating factors to be "substantial" or at

least substantial enough to outweigh appellant's conduct of stabbing his brother in the chest. Applying the standard of review set forth in R.C. 2953.08(G)(2), we cannot "clearly and convincingly" find that the record does not support the trial court's findings on the "seriousness" issues under R.C. 2929.13(D)(2)(b).

{¶ 20} Finally, the trial court's sentencing entry indicates that the trial court considered the principles and purposes of sentencing. Thus, the record indicates that the trial court considered the necessary factors.

{¶ 21} In light of the standard of appellate review set forth in R.C. 2953.08(G), we do not clearly and convincingly find that the record does not support the trial court's finding that the presumption in favor of prison time was not overcome or rebutted, or that appellant's sentence is otherwise contrary to law.

{¶ 22} Accordingly, appellant's assignment of error is overruled.

{¶ 23} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.