[Cite as *State v. K.W.*, 2017-Ohio-4338.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                      Court of Appeals No. E-16-051

    Appellee                                  Trial Court No. 2016-CR-119

v.

K.W., Jr.                                         **DECISION AND JUDGMENT**

    Appellant                                 Decided:  June 16, 2017

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Jonathan M. McGookey, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Charlyn Bohland,
Assistant State Public Defender, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, K.W., Jr., appeals his sentence from the August 5, 2016 judgment

of the Erie County Court of Common Pleas, in which he was sentenced to two concurrent

prison terms of seven years for felonious assault in violation of R.C. 2903.11(A)(1), and

for participating in a criminal gang in violation of R.C. 2923.42(A), both felonies of the second degree. Finding no error, we affirm.

## Assignment of Error

{¶ 2} Appellant sets forth the following assignment of error:

1) The trial court erred when it sentenced K.W., Jr. to seven years in prison for felonious assault and participating in a criminal gang, because that sentence is not supported by the record in this case, in violation of R.C. 2953.08(G) and 2929.11(A).

## Facts

{¶ 3} Appellant was charged with aggravated robbery, felonious assault, and two charges of attempted murder, all with specifications of participating in a criminal gang. Appellant was also charged under R.C. 2923.42(A), for participating in a criminal gang.

{¶ 4} These charges stemmed from an incident that occurred at a motel when appellant was 15 years old. Appellant and his then 19-year-old friend assaulted the victim, another minor, after a party. The victim suffered serious injuries, including a broken jaw that required surgery.

{¶ 5} Based on police reports, appellant and his co-defendant were members of the Savage Gang. The reports stated appellant and his co-defendant performed what they called "savage calls," which were assaults on individuals to "toughen them up." They also bragged about performing other crimes as participants in the gang. After the assault

2.

and while the victim was in the hospital, appellant rode his bike through the hospital parking lot saying, "How does it feel?"

{¶ 6} Following his arrest, appellant expressed remorse for his actions and a desire to change. His mother even testified to how his time in the detention center matured him and changed him. She stated how he was no longer "the trouble making thug" his criminal record reflected. Appellant has never before been charged with a felony, though he does have a juvenile record that stretches dating back to 2011.

{¶ 7} During the hearing held for a motion to transfer pursuant to Ohio Juv.R. 30 to determine if appellant agreed to have his case bound over to the Erie County Court of Common Pleas, appellant agreed to be tried as an adult. There, he pled guilty to felonious assault and participating in a criminal gang, both second-degree felonies that carry a presumption of prison for two to eight years.

{¶ 8} Appellant argued for a mitigated sentence based on the fact that a 15 year old can be easily influenced by an older individual, the fact that appellant showed remorse and a desire to make up for what he had done, and that despite his juvenile record there had been no real attempts to rehabilitate appellant and thus recidivism was not highly likely. The trial court sentenced appellant to seven years for both crimes to be ran concurrently, and appellant now timely appeals.

3.

**Analysis**

{¶ 9} In his sole assigned error, appellant argues the trial court erred in imposing an aggregate prison term of seven years. Appellee contends the record amply supports the sentence under the relevant statutes and that the sentence is not contrary to law.

{¶ 10} We review felony sentences under a two-prong approach. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or (b) That the sentence is otherwise contrary to law.

{¶ 11} *See State v. Behrendt*, 6th Dist. Lucas No. L-15-1135, 2016-Ohio-969, ¶ 6; *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶ 12} "[A] sentence was not clearly and convincingly contrary to law where the trial court considered the purposes and principles of sentencing under R.C. 2929.11 along with the seriousness and recidivism factors under R.C. 2929.12, * * * and imposed a sentence within the statutory range." *State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 9.

4.

{¶ 13} R.C. 2929.14(A)(2) provides that the statutory sentencing range for second-degree felonies is between two to eight years.

{¶ 14} Here, appellant was sentenced to two concurrent prison terms of seven years for both second-degree felony convictions. These prison terms are within the statutory range. *See* R.C. 2929.14(A)(2). Accordingly, the trial court properly imposed a sentence within the permissible statutory sentencing range and the imposition is not contrary to law on that basis.

{¶ 15} R.C. 2929.11(A) provides, in relevant part: "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *." In order to comply with the mandates of R.C. 2929.11, a trial court must impose a sentence that is "reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 16} In carrying out its obligations to impose a sentence consistent with the purposes and principles of sentencing, the trial court must weigh the factors indicating that the offender's conduct is more serious than conduct normally constituting the offense under R.C. 2929.12(B) against those factors indicating that the offender's conduct is less serious than conduct normally constituting the offense under R.C. 2929.12(C). Further,

5.

the court must weigh the factors contained in R.C. 2929.12(D) indicating the likelihood that the offender will commit future crimes against the factors contained in R.C. 2929.12(E) indicating that the offender is not likely to commit future crimes.

{¶ 17} We further note that a sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000); *State v. Thebeau*, 6th Dist. Ottawa No. OT-14-017, 2014-Ohio-5598, ¶ 16.

{¶ 18} Here, the court expressly stated in open court that it considered R.C. 2929.11 and 2929.12, in the following manner:

> All right. The Court states for the record that it's cognizant of the overriding purposes and principles of felony sentencing. The Court does adhere to those purposes and principles. In passing sentence, the Court attempts to achieve those purposes, and make the sentence reflect the seriousness of the Defendant's conduct, and it's (sic) impact on the victim in this case, be consistent with similar crimes and similarly situated Defendants, and not base the sentence on race, ethnicity, gender, or religion.
>
> The Court also must weigh what are called sentencing factors, those being seriousness factors, as well as what are called recidivism factors, factors making it either more likely or less likely that you would continue

6.

on with a course of criminal conduct. The Court has weighed those factors pursuant to 2929.11(B), (C), (D), and (E) of the Ohio Revised Code.

{¶ 19} Moreover, the sentencing entry reflects as such:

The Court has considered the record, oral statements, any victim impact statement and presentence investigation report, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code §2929.12.

{¶ 20} In light of the trial court's statements at the sentencing hearing, as well as the language contained in the sentencing entry, we conclude that the court complied with its obligations under R.C. 2929.11 and 2929.12.

{¶ 21} Furthermore, our independent review of the record reveals the aggregate sentence imposed was amply supported.

{¶ 22} Specifically, the victim was hospitalized due to the felonious assault, suffering physically, psychologically, and economically in order to overcome his injuries. Further, we find appellant had numerous past convictions showing a potential for recidivism, and that shortly after committing the heinous crime for which he was charged, appellant was riding his bike around the hospital taunting the victim. Factoring in these findings, we hold the record supports the imposed sentence and the sentence is not contrary to law.

{¶ 23} Accordingly, appellant's sole assignment of error is not well-taken.

7.

## Conclusion

**{¶ 24}** The judgment of the Erie County Court of Common Pleas is affirmed.

Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE