[Cite as *State v. Petersen*, 2017-Ohio-6940.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2016-11-074 |
| | : | O P I N I O N |
| - vs - | | 7/24/2017 |
| | : | |
| BRANDON G. PETERSEN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016 CR 0229

D. Vincent Faris, Clermont County Prosecuting Attorney, Katherine Terpstra, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Douglas A. Ball, 233 East Main Street, Suite 3, Batavia, Ohio 45103, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1}   Defendant-appellant, Brandon G. Petersen, appeals from the sentence he received in the Clermont County Court of Common Pleas after he pled no contest to felonious assault.  For the reasons set forth below, we affirm his sentence.

{¶ 2}   On April 28, 2016, appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1) and on one count of felonious assault in violation of R.C. 2903.11(A)(2), both felonies of the second degree.  The charges arose out of an incident that

occurred on April 4, 2016, wherein appellant repeatedly hit the victim on the head and back with a metal baseball bat. The victim suffered injuries that required staples to the side of his head and the removal of his spleen. The victim was also diagnosed with Post Traumatic Stress Disorder ("PTSD").

{¶ 3} On August 30, 2016, appellant pled no contest to one count of felonious assault in violation of R.C. 2903.11(A)(1) in exchange for the dismissal of the remaining charge. Appellant entered his plea after the state recited the following facts:

> [Prosecutor]: [O]n or about the fourth day of April 2016 in Clermont County, Ohio, [appellant] did knowingly cause serious physical harm to another. Specifically, the [appellant] hit the victim * * * repeatedly in the head and back with a metal baseball bat.
>
> [The victim] suffered injuries that required fifteen staples on the left side of his head, a ruptured spleen, [that had to be removed], as well as a large bruise on the victim's back.

The trial court accepted appellant's plea, set the matter for sentencing, and ordered that a presentence investigation report ("PSI") be prepared.

{¶ 4} On October 6, 2016, appellant appeared before the trial court for sentencing. The trial court noted that it had reviewed the PSI and victim impact statement. The court then heard from defense counsel and appellant. Defense counsel noted that appellant's assault on the victim occurred after the victim had stolen heroin from appellant and was taunting the appellant about the theft. Defense counsel also noted that while appellant had a prior misdemeanor conviction for carrying concealed weapon, he had no felony convictions. Appellant apologized for his actions and stated he had been in a drug haze when he committed the act. After considering the foregoing, the trial court sentenced appellant to a five-year prison term.

{¶ 5} Appellant timely appealed from his sentence, raising the following as his sole assignment of error:

{¶ 6} THE TRIAL COURT ERRED IN RELYING ON UNSUBSTANTIATED STATEMENTS THAT WERE NOT A PART OF THE RECORD TO THE PREJUDICE OF THE DEFENDANT WHEN IT SENTENCED HIM TO A MORE THAN MINIMUM MANDATORY SENTENCE AND HE HAD NEVER BEEN TO PRISON BEFORE.

{¶ 7} In his sole assignment of error, appellant argues the trial court erred in imposing a five-year prison term as the PSI indicated appellant was neither more or less likely to reoffend and appellant does not have a history of prior criminal convictions outside of a misdemeanor conviction for carrying a concealed weapon. Appellant also argues the trial court failed to consider "whether or not the victim induced or facilitated the offense." Appellant contends the trial court should have imposed the minimum sentence and not a five-year prison term.

{¶ 8} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, ¶ 1; *State v. Byrd*, 12th Dist. Warren No. CA2015-03-023, 2015-Ohio-4236, ¶ 7. The standard of review is not whether the sentencing court abused its discretion. *Id.* at ¶ 8. Rather, R.C. 2953.08(G)(2) states that an appellate court may vacate or modify a felony sentence only if it "determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. A felony sentence is not clearly and convincingly contrary to law if the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible sentencing range. *State v. Timpe*, 12th Dist. Clermont No. CA2015-04-034, 2015-Ohio-5033, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St. 3d 221, 2016-

Ohio-2970, ¶ 1.

{¶ 9} In sentencing an offender for a felony, the trial court "shall be guided by the overriding purposes of felony sentencing," which are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). A felony sentence must be reasonably calculated to achieve the overriding purposes set out in R.C.2929.11(A), "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B). The sentence also must be "consistent with sentences imposed for similar crimes committed by similar offenders." *Id.*

{¶ 10} When a defendant is sentenced, a trial court is not required to consider each sentencing factor, "but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *Id.*

{¶ 11} After a thorough review of the record, we find no error in the trial court's decision to sentence appellant to a five-year prison term. The record reveals that appellant's sentence is not clearly and convincingly contrary to law as the trial court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, imposed the required mandatory three-year postrelease control term, and sentenced appellant within the permissible statutory range for a second-degree felony in accordance with R.C. 2929.14(A)(2). At appellant's sentencing hearing the trial court indicated it had considered R.C. 2929.11 and 2929.12 in fashioning appellant's sentencing, stating:

> [The court] is required to [impose] a sentence that is consistent with the purposes and principles of sentencing, and these statutes tell the court to impose a sentence that has punishment as well as a deterrent to it.

* * *

> The Court has taken into consideration these factors, the seriousness and recidivism factors, and the fact that the [appellant] has no prior really serious criminal history; overriding all of that, however are the injuries to this victim, and accordingly this Court is imposing a sentence in this case for five years of prison in the Ohio State prison system.

Further, the trial court's sentencing entry specifically states that in imposing appellant's sentence, the court had "considered the record and oral statements, presentence investigation, as well as the principles and purposes of sentencing under Ohio Revised Code section 2929.11, and has balanced the seriousness and recidivism factors pursuant to Ohio Revised Code section 2929.12."

{¶ 12} Appellant argues that the trial court should have imposed the minimum sanction for his second-degree felony and challenges the trial court's determination that his offense was "a more serious offense than a typical felonious assault." However, the record supports the trial court's finding and imposition of a five-year prison sentence. Although appellant stated he was provoked and in a "drug haze" when he attacked the victim, the fact remains appellant used a metal baseball bat to strike the victim multiple times in the head and the back. The victim suffered serious injuries that required fifteen staples to his head, surgery to remove his spleen, and a prolonged hospital stay. Since the attack occurred the victim stutters, forgets things, and suffers from daily headaches, anxiety, and PTSD.[1] The trial court was entitled to weigh the serious harm suffered by the victim against the factors set forth in R.C. 2929.12(C) and conclude that appellant's conduct was more serious than conduct normally constituting felonious assault. This finding, combined with the court's

---

1. Appellant challenges the veracity of the victim's statement as to his injuries, noting that the victim "might have been exaggerat[ing]" his injuries. However, at the time appellant entered his no contest plea, he admitted he caused serious physical harm to the victim. He further admitted that his assault caused bruising to the victim, ruptured the victim's spleen, and caused wounds to the victim's head that required 15 staples to close. Given the nature of the assault and the physical injuries sustained by the victim, it is not an "exaggeration" for the victim to also suffer psychological harm.

determination that recidivism is neither more or less likely, supports the imposed five-year prison sentence.

{¶ 13} Accordingly, we conclude that appellant's five-year prison sentence was not clearly and convincingly contrary to law and that such sentence is supported by the record. Appellant's sole assignment of error is without merit and is overruled.

{¶ 14} Judgment affirmed.


S. POWELL and RINGLAND, JJ., concur.