[Cite as *State v. Hunter*, 2018-Ohio-3007.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2017-11-163 |
| Plaintiff-Appellee, | : | O P I N I O N<br>7/30/2018 |
| | : | |
| - vs - | : | |
| | : | |
| MARQUIS D. HUNTER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-04-0633

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, OH 45011, for plaintiff-appellee

Repper-Pagan Law, Ltd., Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Marquis Hunter, appeals his 15-year prison sentence imposed by the Butler County Court of Common Pleas following his guilty plea to involuntary manslaughter with a firearm specification.

{¶ 2} Appellant was indicted in April 2017 on one count of murder with two firearm specifications (using a firearm and discharging a firearm from a motor vehicle) and a repeat

violent offender specification, and one count of having weapons while under disability. The charges stemmed from allegations that on March 23, 2017, while sitting in a motor vehicle, appellant killed Jaylen Kinney (the "victim") by shooting him multiple times with a firearm. On September 7, 2017, appellant pled guilty to one count of involuntary manslaughter, a felony of the first degree, with a discharging a firearm from a motor vehicle specification.

{¶ 3} On October 26, 2017, the trial court held a sentencing hearing. A presentence investigation report ("PSI") ordered by the trial court indicated that appellant witnessed the murder of his father when he was eight years old, was subsequently in counseling from the ages of eight to ten, and was primarily reared by his maternal grandmother who was physically abusive to him. The PSI further indicated that appellant was diagnosed with PTSD while serving a prison term for a 2010 felonious assault conviction but that he did not attend counseling.

{¶ 4} At the sentencing hearing, defense counsel submitted the report of Dr. Bobbie Hopes, a clinical forensic psychologist, who had psychologically evaluated appellant at the request of defense counsel. Dr. Hopes' report was appellant's primary mitigation evidence and was admitted into evidence as Exhibit A.

{¶ 5} Based upon the report, defense counsel argued that as a result of witnessing the murder of his father when he was only eight years old, appellant suffers from PTSD. Appellant's PTSD was exacerbated and he became hypervigilant after he was shot in a bar by a friend of the victim in February 2017, several weeks before the homicide. The victim was present when appellant was shot in the bar. Fearing for his safety and that of his family, appellant subsequently armed himself. On the night of the homicide, appellant was in the backseat of a car, about to smoke marijuana before going into a bar, when "out of nowhere" the victim and the person who had shot appellant approached appellant's car "in a menacing way." Suffering from PTSD and greatly fearing for his life and that of his friends, appellant

shot multiple times, ultimately killing the victim. Defense counsel admitted that appellant was not sure whether the victim or the other man had a firearm, nonetheless appellant "was scared to death" and reacted accordingly. Defense counsel further argued that appellant had a very unstable life growing up. Based upon the foregoing, defense counsel argued that (1) the victim induced the offense; (2) appellant acted under strong provocation; (3) appellant acted under an imperfect but sincere belief his actions were necessary for self-defense and the defense of his friends; and (4) appellant's killing of the victim was the product of PTSD.

{¶ 6} In her report, Dr. Hopes expressed the opinion that appellant had been afraid for his own safety and that of his family ever since he had been shot in February 2017, and that the shooting had greatly exacerbated his PTSD symptoms which began after the murder of his father. Dr. Hopes further opined that appellant was fearful, hypervigilant, and guarded at the time of the homicide, and that whether his fears were real or somewhat distorted by PTSD, appellant's fear "was genuine and he believed he had to protect himself from others whom he believed meant to harm him."

{¶ 7} The state admitted that the victim approached appellant's car on the night of the homicide but stated "there might be some dispute" as to why the victim did so. The state indicated there was no evidence that the victim or his friends were armed that night. The state observed that the victim was not the individual who shot appellant in February 2017 but conceded that the victim was with that individual when appellant was shot in the bar.

{¶ 8} Upon considering this evidence and reviewing the PSI and Dr. Hopes' report, the trial court sentenced appellant to a mandatory ten-year prison term for the involuntary manslaughter, with a mandatory and consecutive 5-year prison term for the accompanying firearm specification, for an aggregate 15-year prison term.

{¶ 9} Appellant now appeals, raising one assignment of error:

{¶ 10} BY CLEAR-AND-CONVINCING EVIDENCE, THE SENTENCING RECORD FAILS TO SUPPORT THE AGGREGATE 15-YEAR SENTENCE.

{¶ 11} Appellant argues the trial court erred in sentencing him to 15 years in prison for his offenses because the trial court failed to consider the applicable "reduced-seriousness factors" and "reduced-recidivism factors" under R.C. 2929.12(C) and 2929.12(E), respectively. Specifically, appellant asserts the trial court "wholly ignored" the fact he shot the victim under strong provocation and the belief his actions were necessary to protect himself and others, the victim facilitated the offense, appellant suffers from PTSD which worsened after the February 2017 shooting, the homicide occurred in circumstances unlikely to recur, appellant had begun to overcome his unstable and violent childhood, and appellant expressed genuine remorse.

{¶ 12} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court may modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Aburas*, 12th Dist. Clermont No. CA2017-10-054, 2018-Ohio-1984, ¶ 9.

{¶ 13} In sentencing an offender for a felony, the trial court "shall be guided by the overriding purposes of felony sentencing," which are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). A felony sentence must be

reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 14} When sentencing a defendant, a trial court is required to consider the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). However, the trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 12. Furthermore, the trial court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing factors. *Arnett* at 215; *State v. K.W.*, 6th Dist. Erie No. E-16-051, 2017-Ohio-4338, ¶ 17. Merely stating that the trial court considered the sentencing factors is enough. *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 11 (6th Dist.), citing *Arnett*.

{¶ 15} We find no error in the trial court's decision to sentence appellant to 15 years in prison for involuntary manslaughter with a specification of discharging a firearm from a motor vehicle. During the sentencing hearing, the trial court expressly stated in open court that it considered R.C. 2929.11 and 2929.12, the PSI, and Dr. Hopes' report:

> The Court has considered purposes and principles of sentencing, weighed the recidivism and the seriousness factors. This defendant entered a plea and was convicted pursuant to that plea to an amended Count I, involuntary manslaughter, a felony in the first degree; also entered a plea of guilty to a five-year gun specification.
>
> The Court has considered the information presented this afternoon, the pre-sentence investigation report, the report from Dr. Hokes (phonetic) entered into evidence as Exhibit A, the statement of the victim's mother this afternoon here on the

record, his previous prison sentence, including that for felonious assault in 2010.

Prison is mandatory in this case. The Court will impose a mandatory sentence on Count I of 10 years [,] will not impose a fine. Furthermore, we will impose a five-year gun specification, that's a mandatory consecutive sentence[.]

{¶ 16} Furthermore, in its sentencing entry, the trial court specifically stated that it "considered the record, the charges, the defendant's Guilty Plea, and findings as set forth on the record and herein, oral statements, any victim impact statement and pre-sentence report, as well as the principles and purposes of sentencing under [R.C.] 2929.11, and has balanced the seriousness and recidivism factors of [R.C.] 2929.12[.]" Thus, based on the record, it is clear the trial court properly considered the seriousness and recidivism factors as required by R.C. 2929.12 and complied with its obligations under R.C. 2929.11 and 2929.12. *Arnett*, 88 Ohio St.3d at 215; *K.W.*, 2017-Ohio-4338 at ¶ 20; and *State v. Petersen*, 12th Dist. Clermont No. CA2016-11-074, 2017-Ohio-6940, ¶ 11.

{¶ 17} Appellant disagrees with the trial court's balancing of the seriousness and recidivism factors in R.C. 2929.12 and the mitigation evidence. However, it is "[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *Steger*, 2016-Ohio-7908 at ¶ 18. It is apparent that the trial court did not consider the mitigating evidence to be substantial enough to outweigh appellant's conduct of fatally shooting the victim. The fact that the trial court chose to weigh various sentencing factors and the mitigation evidence differently than how appellant would have weighed them does not mean that the trial court erred in imposing appellant's prison sentence. *State v. Evans*, 12th Dist. Warren No. CA2017-04-049, 2018-Ohio-916, ¶ 85. Upon reviewing the record, we find there is no clear and convincing evidence the trial court erred in balancing the applicable factors in R.C. 2929.12 and the mitigation evidence.

{¶ 18} Appellant's assignment of error is overruled.

{¶ 19} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.