[Cite as *State v. King*, 2019-Ohio-1492.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-05-101 |
| | : | O P I N I O N |
| - vs - | | 4/22/2019 |
| | : | |
| RICKY DA'ANTHONY KING, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-11-1861

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second Street, #305, Hamilton, Ohio 45011, for appellant

**RINGLAND, J.**

{¶ 1}   Appellant, Ricky Da'Anthony King, appeals the sentence he received after he was convicted of aggravated possession of drugs in the Butler County Court of Common Pleas.  For the reasons stated below, we affirm his sentence.

{¶ 2}   In December 2017, appellant was indicted for three felony drug offenses and one misdemeanor drug offense.  The charges resulted from an investigation in which police officers found appellant unlawfully possessed hundreds of oxycodone pills and a small

amount of cocaine. At the time appellant was charged with these offenses, he had been placed under supervised probation as part of an intervention in lieu of conviction program ("ILC") for separate felony offenses. As a result of the instant drug offense charges, appellant's probation officer filed a notice of ILC violation.

{¶ 3} The court held a consolidated hearing in March 2018 as both a pretrial hearing for the instant drug offenses and a probation violation hearing for the ILC. At this hearing, appellant pled guilty to one second-degree felony count of aggravated possession of drugs, in violation R.C. 2925.11(A), and admitted to the ILC violation. In exchange for the guilty plea, the state dismissed the other three drug offenses. The trial court ordered a presentence-investigative report and continued both cases to April 2018 for sentencing.

{¶ 4} At the April hearing, the trial court sentenced appellant to a six-year mandatory prison term for the aggravated possession conviction. On the ILC case, the court found appellant was no longer amenable to community control and imposed a prison sentence. The court ordered the prison sentences for each case to be served concurrently.

{¶ 5} Appellant now appeals his sentence for aggravated possession of drugs raising one assignment of error:[1]

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO CONSIDER THE SERIOUSNESS AND RECIDIVISM FACTORS ENUMERATED IN R.C. 2929.12 BEFORE IMPOSING A SIX YEAR TERM IN THE OHIO DEPARTMENT OF CORRECTIONS.

{¶ 7} Appellant argues that this court should vacate his sentence and remand for re-sentencing because the trial court failed to explicitly state at the sentencing hearing that it considered the seriousness and recidivism factors of R.C. 2929.12 when it sentenced him for

---

1. We note that only the aggravated possession conviction, Case No. CR 2017-11-1861, is before this court on appeal.

the aggravated drug possession conviction.

{¶ **8**}  We review a felony sentence according to R.C. 2953.08(G)(2).  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Pursuant to R.C. 2953.08(G)(2), an appellate court may modify or vacate a felony sentence only when it finds the sentence is clearly and convincingly contrary to law or unsupported by the record.  *State v. McGowan*, 147 Ohio St. 3d 166, 2016-Ohio-2971, ¶ 1, *citing Marcum* at ¶ 7.  The standard of R.C. 2953.08(G)(2) does not require the trial court to have clear and convincing evidence on the record to support the sentence; instead, this standard serves to restrict appellate review.  *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 8.  Appellate review of felony sentencing is highly deferential to the trial court.  *Id.*; *Accord Marcum* at ¶ 23.

{¶ **9**}  Pursuant to R.C. 2929.12, the trial court must consider several factors relating to the seriousness of the offense and the offender's likelihood of committing future crime before sentencing an offender.  These factors serve as guideline to aid the trial court in determining the severity of the sentence.  However, as we have previously held*,*

> there is no statutory or common law requirement that the trial court incorporate any specific findings in its sentencing entry specific to the principles and purposes of sentencing, as well as the seriousness and recidivism factors found in R.C. 2929.11 and R.C. 2929.12.  Instead, the law only requires that the record demonstrate that the trial court properly *considered* the purposes and principles of sentencing as well as the seriousness and recidivism factors of R.C. 2929.11 and R.C. 2929.12.

(Citation omitted.) (Emphasis sic.) *State v. Van Tielen*, 12th Dist. Brown No. CA2015-09-025, 2016-Ohio-1288, ¶ 14.

{¶ **10**} Consideration of these statutory provisions can be demonstrated in the record when, at the sentencing hearing, the court states it has "considered the principles and purposes of Ohio's sentencing statute." *State v. Ballard*, 12th Dist. Butler No. CA2014-09-197, 2015-Ohio-2084, ¶ 9.  A reference to the seriousness and recidivism factors and citation

to R.C. 2929.12 within the sentencing entry will further indicate the trial court made the necessary considerations. *Id.*; *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 11; *State v. Lancaster*, 12th Dist. Butler No. CA2007-03-075, 2008-Ohio-1665, ¶ 4.

{¶ 11} As noted above, the trial court sentenced appellant for two separate cases. The court began by sentencing for the case involving the ILC violation. The court specifically stated, "the Court has considered the purposes and principles of sentencing, weight of recidivism, and the seriousness factors," before imposing the sentence.

{¶ 12} Turning to the instant case, the trial court reiterated that it "considered the purposes and principles of sentencing carries a mandatory prison sentence (sic)." Finally, the trial court expressed its consideration in the sentencing entry:

> The Court has considered * * * the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12 * * *.

{¶ 13} Given the statements made at the sentencing hearing and in the sentencing entry, the record clearly indicates the trial court considered R.C. 2929.12 sentencing factors. Consequently, appellant cannot show by clear and convincing evidence that the sentence is unsupported by the record or contrary to law. Appellant's sole assignment of error is overruled.

{¶ 14} Judgment Affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.