[Cite as *State v. Smith*, 2019-Ohio-2082.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-09-067 |
| | : | O P I N I O N |
| - vs - | | 5/28/2019 |
| | : | |
| TERRY A. SMITH, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016-CR-00716

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Robinson & Jones Co., L.P.A., Matthew E. Wiseman, 421 South Locust Street, Suite 203, Oxford, Ohio 45056, for appellant

**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Terry Smith, appeals the sentence imposed by the Clermont County of Common Pleas following his conviction for operating a vehicle while under the influence of alcohol (OVI). For the reasons detailed below, we affirm.

{¶ 2} On August 22, 2016, law enforcement was dispatched to the scene of a single vehicle crash. Smith, who had a strong odor of an alcoholic beverage on his person, was

identified as the driver of the vehicle. Smith admitted to consuming alcohol and medical records following the incident indicated impairment.

{¶ 3} On December 13, 2016, Smith was indicted on one count of OVI in violation of R.C. 4511.19(A)(1)(a), a third-degree felony. Following an unsuccessful motion to suppress, Smith pled guilty to the charge listed in the indictment. The trial court accepted Smith's guilty plea and imposed the maximum prison sentence of 36 months. Smith now appeals, raising a single assignment of error for review:

{¶ 4} THE TRIAL COURT ERRED BY IMPOSING A MAXIMUM PRISON SENTENCE THAT WAS NOT SUPPORTED BY THE RECORD.

{¶ 5} In his sole assignment of error, Smith argues that the maximum 36-month prison term imposed by the trial court was excessive and not supported by the record. We disagree.

{¶ 6} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 7} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2)

unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 8} When a defendant is sentenced, a trial court is not required to consider each sentencing factor, "but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *Id.*

{¶ 9} Smith concedes that the 36-month prison term is statutorily authorized. *See* R.C. 2929.14(A)(3)(b). However, Smith argues that the trial court did not adequately consider the sentencing factors in imposing the maximum sentence. Though Smith acknowledges his lengthy criminal history, he contends that he should be entitled to leniency because he has lived a mostly law-abiding life for the past 12 years. Smith also maintains that he has significantly complied with the probation department during the pendency of this case and has accepted full responsibility for his actions.

{¶ 10} Following review of the record, we find no error in the trial court's sentencing decision. The trial court properly considered all relevant sentencing factors, including the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. The record reveals that Smith has a lengthy criminal history and continues to pose a serious danger to the public. Smith's continued alcoholism, nine prior OVI convictions, and his continued commission of offenses involving alcohol are considerations that support the trial court's decision. The trial court appropriately noted that Smith's conduct was "getting to be a rather dated story" and the imposition of a 36-month prison sentence was a "no-brainer" given Smith's criminal history and the facts in this case.

{¶ 11} In addition, Smith's claim that he has lived a relatively law-abiding life in the 12

years prior to this offense is refuted by the record. Smith was convicted for felony OVI just 11 years prior to the instant offense. Thereafter, Smith served several years in prison and when he was released, he continued to commit offenses. During the relevant period, Smith was convicted twice for disorderly conduct, once for an open container, and once for aggravated possession of drugs. Furthermore, while on bond, Smith tested positive for methamphetamine and pled guilty to an additional count of possession of drugs. In sum, the trial court's sentence was well supported by the record. Accordingly, we find Smith's sentence is not contrary to law and his sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.