[Cite as *State v. McKnight*, 2020-Ohio-3314.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-08-145 |
| - vs - | : | O P I N I O N<br>6/15/2020 |
| | : | |
| JOHN D. MCKNIGHT, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-05-0831

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second Street, #305, Hamilton, Ohio 45011, for appellant

**RINGLAND, J.**

{¶ 1} Appellant, John McKnight, appeals the sentence imposed by the Butler County of Common Pleas following his conviction for domestic violence. For the reasons detailed below, we affirm.

{¶ 2} McKnight was indicted following an altercation where he assaulted and physically harmed his nephew who also resides in the same house with him. On July 25,

2019, McKnight pled guilty to domestic violence in violation of R.C. 2919.25(A), a fourth-degree felony. The trial court imposed the maximum sentence of 18 months. McKnight now appeals, raising one assignment of error for review:

{¶ 3} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT IMPOSED THE MAXIMUM SENTENCE BECAUSE IT WAS NOT CLEARLY AND CONVINCINGLY SUPPORTED BY THE RECORD.

{¶ 4} In his sole assignment of error, McKnight argues that the maximum 18-month prison term imposed by the trial court was excessive and not supported by the record. We disagree.

{¶ 5} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 6} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 7} When a defendant is sentenced, a trial court is not required to consider each

sentencing factor, "but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *State v. Smith*, 12th Dist. Clermont No. CA2018-09-067, 2019-Ohio-2082, ¶ 8.

{¶ 8} McKnight concedes that the 18-month prison term is statutorily authorized. *See* R.C. 2929.14(A)(4). However, McKnight argues that the trial court did not adequately consider the sentencing factors in imposing the maximum sentence.

{¶ 9} Following review of the record, we find no error in the trial court's sentencing decision. Though McKnight argues the trial court failed to consider the recidivism factors and purposes and principles of sentencing, his argument is belied by the record. In this case, the trial court affirmatively stated that it considered all relevant sentencing factors, including the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Furthermore, the trial court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing factors. *State v. Hunter*, 12th Dist. Butler No. CA2017-11-163, 2018-Ohio-3007, ¶ 14.

{¶ 10} In this case, McKnight has a lengthy criminal history including three prior stints in prison and four domestic violence convictions. The trial court recognized McKnight's criminal history and suggested that he seek counseling or some form of anger management, a suggestion that McKnight was less than amenable to when he told the trial court "I'm not proposing I sit down and talk to a professional." In addition, though McKnight claims that he took responsibility for his actions and showed genuine remorse, the record reflects that even at sentencing he still downplayed his involvement in the altercation and suggested that he acted because he "was pursued." *See, e.g., State v. Rehab*, 150 Ohio St. 3d 152,

2017-Ohio-1401, ¶ 28 ("[g]enuine remorse is one factor to be considered by the trial court when it makes its sentencing decision"); *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 42. The fact that the trial court chose to weigh various sentencing factors differently than how McKnight would have weighed them does not mean the trial court erred in imposing his sentence.

{¶ 11} Accordingly, we find the trial court considered the purposes and principles of sentencing under R.C. 2929.11 as well as the factors listed in R.C. 2929.12 and did not err when it imposed the maximum sentence of 18 months incarceration. The trial court's sentencing decision is not contrary to law. McKnight's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.