[Cite as *State v. White*, 2022-Ohio-1707.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-12-018 |
| | : | O P I N I O N |
| - vs - | | 5/23/2022 |
| | : | |
| SHAWN L. WHITE, | : | |
| Appellant. | : | |

APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 21CR13678

Martin P. Votel, Preble County Prosecuting Attorney, and Kathryn M. West, Assistant Prosecuting Attorney, for appellee.

Hubler and Woolum Law Co. LPA, and Bridget N. Woolum, for appellant.

**S. POWELL, J.**

{¶ 1} Appellant, Shawn L. White, appeals from his conviction in the Preble County Court of Common Pleas after he pled guilty to one count of first-degree felony rape and one count of second-degree felony pandering obscenity involving a minor. For the reasons outlined below, we affirm.

{¶ 2} On November 22, 2021, White pled guilty to one count of rape in violation of R.C. 2907.02(A)(1)(a), a first-degree felony in accordance with R.C. 2907.02(B), and one count of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1), a second-degree felony in accordance with R.C. 2907.321(C). The charges arose after White's then 13-year-old niece, J.W., reported to police that White had forced her to perform oral sex on him six or seven times (one of which was video recorded) over the preceding two years beginning when she was just 11 years old. Following the necessary Crim.R. 11(C) plea colloquy, the trial court accepted White's guilty plea to both charges upon finding White's plea was knowingly, intelligently, and voluntarily entered.

{¶ 3} On December 7, 2021, the trial court held a sentencing hearing. At that hearing, but prior to the trial court issuing its sentencing decision, the trial court noted that it had considered the submitted sentencing memorandum, letters provided to the trial court, and the presentence-investigative report. The trial court also noted that, in addition to those materials, it had:

> of course, also taken into account the provision of Revised Code Sections 2929.11, .12, and .13, with some specificity, the factors under 2929.12 that direct the Court to consider some factors that may tend to make the offense more serious, less serious, and factors that may or may not make the Defendant more like – more or less likely to recommit in the future.

{¶ 4} The trial court then stated regarding those factors:

> Obviously, I think obviously, the most important factors that tend to enhance the seriousness of this offense are Mr. White's relationship with the victim, it certainly facilitated the offense, and the age of the victim, particularly troubling to me was reports that came through into the PSI that indicated that grooming for the offense began as early as the victim being age six.

{¶ 5} The trial court also stated regarding those factors:

> And I would note that the factors with regard to recidivism, that make recidivism less likely at least, are that the Defendant has no prior record of any consequence that I am aware of and I

- 2 -

took that into account as well.

{¶ 6} After setting forth these findings, the trial court sentenced White to serve concurrent sentences of (1) a mandatory minimum 10 years in prison with a maximum possible term of 15 years in prison for the charge of rape and (2) a definite eight years in prison for the charge of pandering obscenity involving a minor, less 195 days of jail-time credit. In so doing, the trial court stated regarding the sentence imposed for the charge of rape:

> With regard to Count 1, Rape, in violation of Revised Code Section 2907.02(A)(1) and (B), it man – the statutes mandates the imposition of a prison sentence for an indefinite term because this is a felony of the first degree and under the Reagan Tokes statute, I'm obligated to impose a minimum sentence plus one half of that minimum sentence that will be imposed at the discretion of the Department of Rehabilitation and Corrections in the manner that I read at the time that Mr. White entered his plea. It's my judgment that the minimum term should be for a period of ten years in the custody of the Department of Rehabilitation and Corrections and a maximum of fifteen years.

{¶ 7} The trial court then stated regarding the sentence imposed for the charge of pandering obscenity involving a minor:

> On Count 4, that's Pandering Obscenity Involving a Minor or an Impaired Person in violation of Revised Code Section 2907.321(A)(1), that's a felony of the second degree, and although that would normally also entail a Reagan Tokes indefinite sentence, because it is not as serious as the first degree felony case (sic), the Court does not impose the tail part of that sentence, the indefinite term. The Court will impose a term of incarceration in the custody of the Department of Rehabilitation and Corrections of eight years. That sentence will run concurrently with the sentence contained in Count 1.

The trial court also designated White a Tier III sex offender and notified White that he would be subject to a mandatory five-year postrelease control term upon his release from prison.

{¶ 8} On December 8, 2021, the trial court issued a judgment entry of sentence. As part of that judgment entry, the trial court stated, in pertinent part, the following:

> On December 7, 2021, Defendant's sentencing hearing was held pursuant to Ohio Revised Code § 2929.19. Defense counsel and the prosecuting attorney or his assistant were present as was the Defendant who was afforded all rights pursuant to Criminal Rule 32. The Court has considered the record, any oral statements of the Defendant and defense counsel, defense counsel's sentencing memorandum, victim impact statements, and the pre-sentence report prepared at the direction of the Court, as well as the principles and purposes of sentencing under §§ 2929.11 and 2929.12, of the Ohio Revised Code.

White now appeals from his conviction, raising two assignments of error for review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED IN SENTENCING THIS FIRST TIME OFFENDER TO MORE THAN THE MINIMUM.

{¶ 11} In his first assignment of error, White argues the trial court erred by sentencing him, a first-time offender, to more than the minimum prison term available for first-degree felony rape and second-degree felony pandering obscenity involving a minor. We disagree.

{¶ 12} "As with all felony sentences, we review this sentence under the standard of review set forth in R.C. 2953.08(G)(2)." *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. The standard prescribed by R.C. 2953.08(G)(2) is, in fact, "the only standard applicable to felony sentencing." *State v. Paul*, 12th Dist. Clinton No. CA2020-08-010, 2021-Ohio-1628, ¶ 9, fn.1. "R.C. 2953.08(G)(2) is unambiguous and definite." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 9. Pursuant to that statute, this court may increase, reduce, "or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing," if this court clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

Therefore, when applying the plain language of R.C. 2953.08(G)(2) to the case at bar, "we may vacate or modify a felony sentence only if this court determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under those specific, enumerated, statutes; or (2) the sentence is otherwise contrary to law." *State v. Toles*, 12th Dist. Madison No. CA2019-07-018, 2020-Ohio-4267, ¶ 38, citing *Marcum*, 2016-Ohio-1002 at ¶ 1.[1]

{¶ 13} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range.'" *State v. Tillett*, 12th Dist. Butler No. CA2019-11-192, 2020-Ohio-3836, ¶ 10, quoting *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently

---

1. Within his first assignment of error, we note that White argues this court may increase, reduce, or otherwise modify a sentence if this court clearly and convincingly finds the record does not support the trial court's findings under R.C. 2929.11, 2929.12, or 2929.13. To support this claim, White cites to paragraph 48 of this court's decision in *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163. Our decision in *Watkins*, however, does not in any way indicate this court can increase, reduce, or otherwise modify a sentence if this court clearly and convincingly finds the record does not support the trial court's findings under either R.C. 2929.11 or 2929.12. That paragraph instead states that, pursuant to the plain language of R.C. 2953.08(G)(2), this court may increase, reduce, "or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing," if this court clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or (2) the sentence is otherwise contrary to law. That is the exact same standard this court set forth in this opinion at paragraph 12 above. For White to claim this court may increase, reduce, or otherwise modify a sentence if this court clearly and convincingly finds the record does not support the trial court's findings under R.C. 2929.11 or 2929.12 is simply incorrect and a clear misrepresentation of what this court actually stated in *Watkins* and many other released both before and since. *See, e.g., State v. Toles*, 12th Dist. Madison No. CA2019-07-018, 2020-Ohio-4267, ¶ 37; and *State v. Napier*, 12th Dist. Butler No. CA2021-09-115, 2022-Ohio-1439, ¶ 13. That is to say nothing of the fact that the Ohio Supreme Court has also specifically determined that "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12" because "R.C. 2929.11 and 2929.12 are not among the statutes listed in the provision." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 31. This is in addition to the Ohio Supreme Court explicitly stating that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 42. "The record must merely reflect that the trial court considered the relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its decision." *State v. Murphy*, 12th Dist. Butler No. CA2021-05-048, 2021-Ohio-4541, ¶ 26. But, even then, "a trial court is not required to expressly cite to R.C. 2929.11 or 2929.12 at the sentencing hearing." *State v. Motz*, 12th Dist. Warren No. CA2019-10-109, 2020-Ohio-4356, ¶ 43.

{¶ 14} White argues the trial court's sentencing decision was clearly and convincingly contrary to law because the trial court failed to consider all five factors set forth under R.C. 2929.12(E) indicating he was not likely to commit future crimes prior to issuing its sentencing decision. Specifically, White argues the trial court failed to consider the fact that he "showed genuine remorse" and that "if sober the circumstances in this case were not likely to recur." However, just like there is no language contained in R.C. 2929.11 that requires the trial court to make any specific findings as to the purposes and principles of felony sentencing, there is also no language contained in R.C. 2929.12 that requires the trial court to use any specific language or make any specific findings to evince the requisite consideration of the applicable seriousness and recidivism factors has occurred. *State v. Martin*, 12th Dist. Warren No. CA2021-03-018, 2021-Ohio-4246, ¶ 25, citing *State v. Kane*, 5th Dist. Ashland No. 20-COA-012, 2020-Ohio5152, ¶ 11; *State v. McKnight*, 12th Dist. Butler No. CA2019-08-145, 2020-Ohio-3314, ¶ 9 ("the trial court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing factors"). "All that is required is the trial court 'consider' the relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its sentencing decision." *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 50, citing *State v. King*,

12th Dist. Butler No. CA2018-05-101, 2019-Ohio-1492 ¶ 9.

{¶ 15} In this case, the record firmly establishes that the trial court considered all relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its sentencing decision. This includes the five factors set forth under R.C. 2929.12(E) indicating White was not likely to commit future crimes. The record also indicates the trial court properly notified White that he would be subject to a mandatory five-year postrelease control term upon his release from prison. The record further establishes the trial court sentenced White within the permissible statutory ranges for first-degree felony rape and second-degree felony pandering obscenity involving a minor. *See* R.C. 2929.14(A)(1)(a) (setting forth the permissible sentencing range for a first-degree felony of three, four, five, six, seven, eight, nine, ten, or eleven years); and R.C. 2929.14(A)(2)(a) (setting forth the permissible sentencing range for a second-degree felony of two, three, four, five, six, seven, or eight years). Therefore, because a trial court's sentencing decision is not clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range, the trial court's decision sentencing White, a first-time offender, to more than the minimum prison term available for charges of first-degree felony rape and second-degree felony pandering obscenity involving a minor was not clearly and convincingly contrary to law. Accordingly, finding no merit to any of the arguments advanced by White herein, White's first assignment of error lacks merit and is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ERRED WHEN IT FAILED TO SENTENCE APPELLANT UNDER THE REAGAN TOKES ACT.

{¶ 18} In his second assignment of error, White argues the trial court erred by

- 7 -

sentencing him on the charge of second-degree felony pandering obscenity involving a minor to a straight eight-year prison term. This is because, according to White, the trial court was required, under the Reagan Tokes Law, Ohio's indefinite sentencing structure, to sentencing him to an indefinite term of a minimum eight years in prison to a maximum possible 12 years in prison.[2] We disagree.

{¶ 19} As stated above in our discussion of White's first assignment of error, the trial court sentenced White within the permissible statutory range set forth in R.C. 2929.14(A)(2)(a) for second-degree felony pandering obscenity involving a minor. Pursuant to that statute:

> For a felony of the second degree committed on or after the effective date of this amendment, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years *and a maximum term that is determined pursuant to section 2929.144 of the Revised Code*, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.

(Emphasis added.) Therefore, under the plain language of this statute, after determining what minimum prior term would be imposed, the trial court must then determine the

---

2. Within his second assignment of error, we note that White claims the trial court "did not properly advise [him] of the possible maximum penalty" for second-degree felony pandering obscenity involving a minor "at the time of sentencing." To support this claim, White cites to Crim.R. 11(C). However, Crim.R. 11(C) applies to pleas, not sentencing. *State v. Broughton*, 12th Dist. Clinton No. CA2020-09-011, 2021-Ohio-2987, ¶ 12, fn.1 ("this Assignment of Error pertains to Crim.R. 11[C][2], which relates to pleas"). Therefore, because Crim.R. 11(C) details the advisements that must be given to a defendant at a plea hearing, Crim.R. 11(C) has no application to what the trial may have advised White at the time of sentencing. *See State v. Herbert*, 7th Dist. Jefferson No. 19 JE 0003, 2019-Ohio-5092, ¶ 10 ("Crim.R. 11 details the advisements that must be given to a defendant at a plea hearing, whereas Crim.R. 32 provides the advisements that must be made to a defendant at a sentencing hearing"). Regardless, to the extent White may be claiming the trial court failed to properly advise him of the maximum penalty he faced prior to him entering his guilty plea, the transcript of White's change of plea hearing does not support such a contention. The record instead fully supports a finding that, following the necessary Crim.R. 11(C) plea colloquy, White's guilty plea was knowingly, intelligently, and voluntarily entered.

maximum prison term to be imposed pursuant to R.C. 2929.144.

{¶ 20} R.C. 2929.144 states that a trial court "imposing a prison term on an offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree," like the trial court for White in this case, "shall determine the maximum prison term that is part of the sentence" in accordance with R.C. 2929.144(B)(1) thru (B)(4). Because White was being sentenced concurrently for one or more qualifying first- or second-degree felony offenses, the language found in R.C. 2929.144(B)(3) applies to the case at bar. Pursuant to that statute, which governs the calculation of the maximum sentence for concurrent sentences when all the prison terms imposed are run concurrently:

> If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that all of the prison terms imposed are to run concurrently, the maximum term shall be equal to the longest of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree for which the sentence is being imposed plus fifty per cent of the longest minimum term for the most serious qualifying felony being sentenced.

{¶ 21} As noted above, when sentencing White on the charge of second-degree felony pandering obscenity involving a minor, the trail court stated:

> that's a felony of the second degree, and although that would normally also entail a Reagan Tokes indefinite sentence, because it is not as serious as the first degree felony case (sic), the Court does not impose the tail part of that sentence, the indefinite term.

We find no error in the trial court's decision. Therefore, in accordance with R.C. 2929.144(B)(3), because White was also sentenced to serve a minimum ten years in prison to a maximum possible 15 years in prison for a first-degree felony rape, the trial court properly calculated the maximum prison term and properly sentenced White to a straight

eight-year prison term on the charge of second-degree felony pandering obscenity involving a minor. Accordingly, finding no error in the trial court's decision sentencing White to a straight eight-year prison term on the charge of second-degree felony pandering obscenity involving a minor, White's second assignment of error lacks merit and is overruled.

{¶ 22} Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.