[Cite as *State v. Orender*, 2022-Ohio-2823.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-12-149 |
| | : | O P I N I O N |
| - vs - | | 8/15/2022 |
| | : | |
| JERRY ORENDER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2021-04-0547

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

The Law Office of Wendy R. Calaway, and Wendy R. Calaway, for appellant.

**PIPER, P.J.**

{¶1} Appellant, Jerry Orender, was indicted by the Butler County Grand Jury on one count of receiving stolen property, a fourth-degree felony in violation of R.C. 2913.51(A). On September 23, 2021, Orender entered into a plea agreement with the state. In exchange for Orender's guilty plea, the state agreed to amend the charge to unauthorized use of a motor vehicle, a fifth-degree felony in violation of R.C. 2913.03(B). During the plea

hearing, Orender informed the court he was on postrelease control ("PRC"). When asked if Orender was on PRC at the time of the instant offense, Orender's counsel responded:

> Yes. And as an extension as such, I have forewarned him of additional consequences that he could have from this Court as a result of being on PRC at the time of the offense. But he has to be sanctioned here because (indiscernible) this.

Orender added that his PRC was for a third-degree felony, possession of drugs offense. The trial court then advised Orender:

> Additionally, if the Court finds that this offense was committed while you were on post release control, which sounds like it may be the case, the Court could impose an additional sentence of one year or the time remaining on postrelease control, whichever is greater as an additional consecutive sentence.

{¶2} Following a full Crim. R. 11 colloquy, Orender informed the court that he wanted to plead guilty, which the trial court accepted.

{¶3} The trial court held a sentencing hearing on November 30, 2021. As relevant to his first assignment of error, Orender's trial counsel stated that Orender "is on PRC," which Orender then confirmed. However, contrary to his earlier representation, Orender now claimed that he was on PRC for "grand theft of key fobs." When it sentenced Orender, the trial court stated:

> The Court has considered the record, the charge, the defendant's plea of guilty. Defined and set forth here in the record, your oral statements, any victim impact statement, presentence report, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11. And this balance, the seriousness and recidivism factors of Ohio Revised Code Section 2929.12 and whether or not community control is appropriate pursuant to Ohio Revised Code Section 2929.13.
>
> * * *
>
> The Court will find the defendant has previously served a prison sentence, has previously served a felony prison sentence related to -- down in Kentucky -- come on. Possession of a handgun, three years in Kentucky. He's been to prison at least

twice in Ohio. He was on post release control at the time of the offense * * *.

With respect to Count I, will sentence the defendant to 12 months in the Ohio Department of Rehabilitation and Corrections, will give the defendant jail time credit six days. Furthermore, will find that this offense was committed while the defendant was on post release control.

* * * The Court will impose an additional five months' prison sentence.

{¶4} The trial court later memorialized its findings in the sentencing entry, ordering Orender to serve a total prison term of 17 months. That is, 12 months on the new felony conviction and five months for the violation of PRC. Orender timely appeals, raising two assignments of error for review.

{¶5} Assignment of Error No. 1:

{¶6} THE SENTENCE IMPOSED IS VOID.

{¶7} Assignment of Error No. 2:

{¶8} THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE.

{¶9} In his two assignments of error, Orender alleges that his sentence is void and argues the trial court erred when it imposed the maximum prison sentence. This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶10} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C.

2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. When a defendant is sentenced, a trial court is not required to consider each sentencing factor, "but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *State v. Smith*, 12th Dist. Clermont No. CA2018-09-067, 2019-Ohio-2082, ¶ 8.

{¶11} When reviewing a felony sentencing, "nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 42. All that is required is the trial court "consider" the relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its sentencing decision. *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 50.

{¶12} Orender claims the trial court did not have "authority" to impose an additional five-month prison term on the PRC violation in addition to the 12 months imposed for the fifth-degree felony conviction. Therefore, he claims that his sentence is "void." He also argues the trial court erred by imposing the maximum sentence for a fifth-degree felony.

{¶13} Based upon review of the record, we conclude Orender's arguments are without merit. In this case, the trial court sentenced Orender to prison for a new felony and also imposed a prison term for the PRC violation. Contrary to his argument otherwise, this is permissible because R.C. 2929.141(A)(1) states that when a defendant who is on PRC is convicted of or pleads guilty to a new felony, the trial court may terminate the PRC term

- 4 -

and convert it into additional prison time. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 13.

{¶14} On appeal, Orender suggests that it is "unclear" whether he was on PRC at the time he committed the latest offense. However, this contradicts the multiple, unequivocal admissions made by Orender and his trial counsel below. As noted above, during the plea hearing Orender stated that he was on PRC, which was confirmed by his trial counsel. This was further confirmed by Orender and his trial counsel during the sentencing hearing. While Orender now attempts to inject uncertainty into this matter, the record very clearly supports the conclusion that he, in fact, was on PRC and therefore was subject to additional prison time pursuant to R.C. 2929.141(A)(1). Orender's sentence is not void.

{¶15} Furthermore, we find no error in the trial court's decision sentencing Orender to the maximum prison term of 12 months on the fifth-degree felony. The 12-month sentence is statutorily authorized and is supported by the record. R.C. 2929.14(A)(5). In the matter sub judice, the trial court affirmatively stated that it considered all relevant sentencing factors, including the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. *State v. Hunter*, 12th Dist. Butler No. CA2017-11-163, 2018-Ohio-3007, ¶ 14 (trial court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing factors). This court does not independently weigh the evidence in the record to substitute the judgment of the trial court with respect to R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 42.

{¶16} The trial court sentenced Orender to the maximum prison sentence on a fifth-degree felony after considering, among other things, his lengthy criminal history, which included convictions for weapons, drugs, and theft. As discussed earlier, Orender was still

on PRC while he committed the instant offense. Orender has previously served a prison sentence in Kentucky for the possession of a handgun and has been to prison multiple times in Ohio. In addition, it is clear based on his comments made to the court, deflecting responsibility for his actions, that Orender lacks any semblance of remorse.[1] *State v. Rehab*, 150 Ohio St. 3d 152, 2017-Ohio-1401, ¶ 28 ("[g]enuine remorse is one factor to be considered by the trial court when it makes its sentencing decision"). The fact that Orender would weigh the sentencing factors differently does not mean the trial court erred in imposing the maximum sentence.[2]

{¶17} Accordingly, we find Orender's sentence was not "void" or contrary to law. Orender's two assignments of error are overruled.

{¶18} Judgment affirmed.

S. POWELL and BYRNE, JJ., concur.

---

1. During the sentencing hearing, Orender repeatedly emphasized that he was "just pleading out" because of his lengthy record and, apparently referencing an eyewitness, "[i]t was his word against mine."

2. Orender also notes the trial court ordered restitution but "then imposed the maximum prison sentence preventing restitution from happening in this case." However, there is nothing about the trial court's sentencing entry that in any way "prevents" Orender from making restitution.